FILED
MAY 17 2023

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TUJUANCE LENO LOWRY,<br><br>Defendant. | 1:22-CR-10031-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER ON ORAL MOTION TO SUPPRESS |

## INTRODUCTION

Defendant orally moved to suppress a December 2022, letter he sent to a state court judge and recorded statements he made on December 27, 2022, while he was a state court pretrial detainee, to Aberdeen Police Sergeant Mark Miller in connection with the investigation of a complaint made against another officer. The statements are at Docs 45-1 and 50 (sealed). The motion came on for a hearing before Magistrate Judge Mark A. Moreno.

## DECISION

**I. Oral Statements.**

Magistrate Moreno issued a report and recommendation finding that the statements made orally were made in violation of defendant's Sixth Amendment right to have counsel present during custodial interrogation. Magistrate Moreno recommended that the motion to suppress be granted as to the statements made but concluded the statements were voluntary and admissible for impeachment purposes. Defendant does not object to this portion of the report and recommendation.

I adopt the report and recommendation as to the admissibility of the oral statements made. However, I find that any evidence that the statement was made in connection with an investigation of alleged police misconduct is inadmissible as not relevant and contrary to Fed. R. Evid. 403. The defendant's recorded statements are random and difficult to follow. However, he did state "I know I'm a convicted felon. I

know I wasn't supposed to be in possession of a firearm." He went on to state that Morgan Archambault is also a convicted felon in possession of a firearm and he asserted to Sgt. Miller that it was a violation of his rights that he was charged but she was not. Such statements are also irrelevant and inadmissible.

Defendant also made rambling statements about the circumstances surrounding the possession of the gun, including threatened use of the gun against him by Morgan Archambault, and about the circumstances that followed his leaving the apartment and subsequent evading arrest. Those statements are admissible on cross examination. However, the government shall provide the Court of a transcript of any redacted version of defendant's statements sought to be admitted prior to trial.

## II. Written Statements.

Magistrate Moreno found that the letter to the state court judge was voluntary and the statements made in the letter were not made in violation of either the Fifth Amendment prohibitions outlined in Miranda v. Arizona, 384 U.S. 436 (1966), nor in violation of the Sixth Amendment right to counsel. Magistrate Moreno recommended that the motion to suppress defendant's letter be denied. Defendant filed objections to this portion of the report and recommendation. I have conducted a *de novo* review of the motion to suppress the letter and the file herein as it relates to that portion of the oral motion to suppress.

Defendant contends that the letter should be suppressed because it was written during a time defendant's pretrial detention was illegal in violation of Fed. R. Crim. P. 5 (timely initial appearance) and 9 (timely arraignment) and his Sixth Amendment right to a speedy trial on the federal indictment. I reject this contention.

The defendant was in custody as a state court pretrial detainee at the time he wrote his letter. At the time he wrote the letter he was facing charges in state court file 06CRI22-000572 for, *inter alia*, possession of a firearm after a violent crime conviction in violation of South Dakota law. His letter was not the product of any alleged failure to timely bring him before a federal magistrate to address the federal charge. He was contending, as a purported defense to the state court firearm charge, that he was charged

2

with possessing a gun but another person who was also a felon was not charged. Although his letter is difficult to decipher, he did write that "both me [and] Morgan Archambault are convicted felons. We both possessed weapons clearly on video." Such statement is admissible in the government's case in chief. Only the above statement will be admitted. No other portions of the statements made in the letter will be admitted.

Now, therefore,

IT IS ORDERED:

1. The objections, Doc. 67, of the defendant are overruled.

2. The magistrate's report and recommendations, Doc. 64, are adopted.

3. The defendant's oral motion to suppress statements made in a December 2022 letter is denied.

4. The defendant's oral motion to suppress statements made on December 2, 2022, is granted.

DATED this 17th day of May, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge