UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
MAY 22 2023

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TUJUANE LENO LOWRY,<br><br>Defendant. | 1:22-CR-10031-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER ON MOTION TO DISMISS |

## INTRODUCTION

Defendant moved to dismiss the indictment charging him with felon in possession of a firearm on the basis that 18 U.S.C. § 922(g)(1) is unconstitutional in violation of the Second Amendment to the United States Constitution. The motion came on for a hearing before Magistrate Judge Mark A. Moreno. Magistrate Moreno issued a report and recommendation wherein he recommended that the motion to dismiss be denied. Defendant filed objections to the legal conclusions set forth in the report and recommendation. I have conducted a *de novo* review of the record as required by 28 U.S.C. § 636(b)(1).

## DECISION

The Omnibus Crime Control and Safe Streets Act of 1968 added Chapter 44 to Title 18 of the U.S. Code entitled Firearms. Pub. L. 90-351, Title I, § 902, June 19, 1968, 82 Stat. 197. The Act included a provision prohibiting, *inter alia*, persons who are convicted felons, from receiving, possessing, or transporting in interstate commerce any firearm. Pub. L. 90-351, Title VII, § 1202(a)(1). That provision is now codified at 18 U.S.C. § 922)(g)(1).

Defendant contends that § 922(g)(1) is unconstitutional in violation of the Second Amendment right to bear arms. He contends that prior case law upholding Second Amendment challenges to § 922(g) are no longer binding in light of the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen,

U.S. ___, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) upholding a Second Amendment Challenge to State of New York handgun restrictions. Defendant contends that the Bruen decision requires this Court to reject prior precedent and reevaluate the constitutionality of § 922(g) under the Second Amendment by applying a new methodology.

The United States Supreme Court considered a Second Amendment challenge to certain District of Columbia firearms regulations banning handgun possession in the home in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). The Supreme Court specifically held in Heller that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." District of Columbia v. Heller, 554 U.S. at 626, 128 S. Ct. at 2816–17. Two years later, the Supreme Court considered a Second Amendment challenge to City of Chicago handgun regulations in McDonald v. City of Chicago, Ill., 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010). The Supreme Court specifically reiterated its prior statement made in Heller. McDonald v. City of Chicago, Ill., 561 U.S. at 786, 130 S. Ct. at 3047. Finally, in Bruen, Justice Kavanaugh, in his concurring opinion, explained that Bruen Court "employs and elaborates on the text, history, and tradition test that Heller and McDonald require for evaluating whether a government regulation infringes on the Second Amendment." Bruen, ___ U.S. at ___, 142 S. Ct. at 2161 (Kavanaugh, Justice, concurring). Justice Kavanaugh noted that "the Second Amendment allows a 'variety' of gun regulations" and reiterated the Heller and McDonald admonitions set forth above. Id. at ___, 142 S.Ct. at 2162 (Kavanaugh, Justice, concurring).

Magistrate Moreno carefully analyzed Supreme Court and Eighth Circuit precedent, along with the Bruen decision, and rejected defendant's contention that § 922(g) violates the Second Amendment. Defendant objects to Magistrate Moreno's conclusion. Defendant asserts that this Court must reject Eighth Circuit precedent overruling Second Amendment challenges to § 922(g) and hold that such precedent is no longer valid law. I decline to do so.

The Supreme Court repeatedly noted in Heller, McDonald, and Bruen that those decisions do not call into question prohibitions on the possession of firearms by felons.

It is well settled law in the United States Court of Appeals for the Eighth Circuit that "Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting" 18 U.S.C. § 922(g). United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011). I am bound to apply Eighth Circuit precedent. Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003). The Supreme Court's decision in Bruen does not call into question Eighth Circuit precedent on the constitutionality of § 922(g).

Now, therefore,

IT IS ORDERED:

1. The objections, Doc. 71, of the defendant are overruled.
2. The magistrate's report and recommendation, Doc. 55, is adopted.
3. The defendant's motion, Doc. 26, to dismiss the indictment is denied.

DATED this 22nd day of May, 2023.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge